*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* E. M. MCOWEN, Minor.

UNPUBLISHED
August 24, 2023

No. 363608
Shiawassee Circuit Court
Family Division
LC No. 22-014448-NA

Before: GADOLA, P.J., and M. J. KELLY and SWARTZLE, JJ.

PER CURIAM.

The child's maternal grandparents petitioned the trial court to terminate respondent's parental rights as the child's biological father, and the trial court terminated respondent's parental rights under MCL 712A.19b(3)(f). We affirm.

The child has lived with her maternal grandparents since she was born, and the grandparents were granted guardianship over the child two years before they petitioned the trial court in this case. The grandparents testified that respondent did not provide any financial support for the child, and he only visited the child three or four times since late 2019. This included one visit in which respondent repeatedly called the child the wrong name. Respondent corroborated the grandparents' testimony when he testified that he did not attempt to visit the child regularly after the guardianship was granted to the grandparents. He also confirmed that he had financial issues that left him unable to provide any substantial financial support for the child even though he regularly maintained a job and had his own vehicle. It was also reported that respondent had given the child an Easter basket and a birthday gift once, but that he had also taken $1,300 from the child's bank account and failed to repay her. One of respondent's roommates testified that respondent would often spend his money on marijuana, video games, and food delivery. The roommate also noted that respondent only visited the child once in the year that the two lived together.

The grandparents further testified that they did not prevent respondent from seeing the child, and respondent did not engage with the child in any meaningful way when he did visit. It was also reported that respondent did not attend the child's medical appointments even though he was given notice of those appointments, did not regularly ask to attend the child's birthdays or special events, and did not attend the child's first day of school even though he had expressed an

-1-

interest in being with her on that day. The child did not refer to respondent as her father, did not ask about respondent when she was not near him, and did not have a bond with respondent. In contrast, the child would often refer to her grandfather as her father, the grandparents attended to all of the child's medical, financial, and academic needs, and she had bonded with her grandparents because they had been the only consistent parental figures that she had known her whole life. The grandparents provided the child with stability and also expressed the possibility of adoption.

The trial court terminated respondent's parental rights to the child under MCL 712A.19b(3)(f). Respondent now appeals.

Respondent first argues that the trial court clearly erred by finding that a statutory ground for termination was proven by clear and convincing evidence. "To justify termination of parental rights at initial disposition and without reasonable efforts at reunification, a court must find on the basis of clear and convincing legally admissible evidence that the facts alleged are true, that at least one statutory ground for termination has been established, and that termination is in the child's best interests." *In re Simonetta*, 340 Mich App 700, 712; 987 NW2d 919 (2022) (cleaned up). To be clearly erroneous, a trial court's determination must be more than possibly or probably incorrect. *In re Ellis*, 294 Mich App 30, 33; 817 NW2d 111 (2011). A finding is clearly erroneous if we are left with a definite and firm conviction that a mistake has been made. *Id*.

The trial court terminated respondent's parental rights to the child under MCL 712A.19b(3)(f), which provides:

> The court may terminate a parent's parental rights to a child if the court finds, by clear and convincing evidence, 1 or more of the following:
>
> * * *
>
> (f) The child has a guardian under the estates and protected individuals code, 1998 PA 386, MCL 700.1101 to 700.8206, and both of the following have occurred:
>
> (*i*) The parent, having the ability to support or assist in supporting the minor, has failed or neglected, without good cause, to provide regular and substantial support for the minor for a period of 2 years or more before the filing of the petition or, if a support order has been entered, has failed to substantially comply with the order for a period of 2 years or more before the filing of the petition.
>
> (*ii*) The parent, having the ability to visit, contact, or communicate with the minor, has regularly and substantially failed or neglected, without good cause, to do so for a period of 2 years or more before the filing of the petition.

In this case, it is undisputed that the grandparents were granted guardianship over the child two years before they petitioned the trial court in this case. Further, respondent admitted that he failed to provide regular and substantial support for the child for at least two years before the grandparents filed this action even though he was regularly employed, maintained a car, and spent money on marijuana and video games. Moreover, respondent had taken $1,300 from the child's bank account, and he had not repaid that money.

The evidence also supported the trial court's finding that respondent, despite having the ability to do so and without good cause, regularly and substantially failed to visit, contact, or communicate with the child for more than two years before this action commenced because it was reported that respondent only visited the child less than ten times in those two years, did not attend the child's medical visits, did not regularly ask to attend the child's birthdays, and did not follow up on his own request to attend the child's first day of school.

Therefore, this Court is not left with a definite and firm conviction that the trial court erred when it found that there was a statutory ground for the termination of respondent's parental rights under MCL 712A.19b(3)(f).

Respondent also argues that the trial court erred when it found that the termination of his parental rights was in the child's best interest. "If the court determines that one or more statutory grounds for termination exist and that termination is in the child's best interests, the court must enter an order terminating the respondent's parental rights and order that additional efforts for reunification not be made." *In re Ferranti*, 504 Mich 1, 16; 934 NW2d 610 (2019). "[W]hether termination of parental rights is in the best interests of the child must be proved by a preponderance of the evidence." *In re Moss*, 301 Mich App 76, 90; 836 NW2d 182 (2013). When determining whether termination is in the best interests of the child, the court should place its "focus on the child rather than the parent." *In re Schadler*, 315 Mich App 406, 411; 890 NW2d 676 (2016).

Respondent specifically argues that the trial court failed to consider his bond with the child, but respondent ignores, however, that the trial court found that there was not a bond between him and the child because the child did not refer to respondent as her father, respondent referred to the child by an incorrect name repeatedly during one visit, and the child did not ask or inquire about respondent.

Additionally, respondent infrequently visited the child, did not attend the child's medical appointments, and did not provide any support for the child. In contrast, the grandparents attended to all of the child's needs, the child referred to her grandfather as her father, and the child demonstrated a clear bond with her grandparents because she had known them as her sole caretakers for the entirety of her life. Further, despite the turmoil in the child's life, her grandparents had provided her permanency and stability and there was a possibility of adoption.

Given respondent's general lack of involvement throughout this child's life and the fact that the child was thriving in her guardianship placement, coupled with the likelihood of adoption, the trial court did not clearly err by finding that it was in the child's best interests to terminate respondent's parental rights.

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Kelly
/s/ Brock A. Swartzle